# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jenaro Miranda Acuna (English)    **Dkt. No.:** 21CR10082-001-JAH

**Reg. No.:** 76351-061

**Name of Sentencing Judicial Officer:** The Honorable Edmund A. Sargus, Jr., Chief U.S. District Judge (Southern District of Ohio). (Following a transfer of jurisdiction to the Southern District of California on August 9, 2021, the case was assigned to the Honorable John A. Houston, U.S. District Judge.)

**Original Offense:** 21 U.S.C. § 841(a)(1), and (b)(1)(B)(i), Possession with Intent to Distribute 100 Grams or More of Heroin, a Class B felony.

**Date of Sentence:** May 11, 2017

**Sentence:** 33 months' custody; 60 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modifications:** On March 10, 2021, the court modified the conditions of supervision to include Mr. Acuna not illegally possess or use a controlled substance, submit to drug testing, submit to search, report all vehicles owned or operated, and not enter or reside in Mexico without authorization.

In addition, On June 7, 2021, the court again modified the conditions of supervision to include a residential drug treatment program.

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** November 7, 2018

**Asst. U.S. Atty.:** None Assigned.    **Defense Counsel:** None Assigned.

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** You must follow the instructions of the probation officer related to the conditions of supervision. | 1. On June 24, 2021, Mr. Acuna failed to follow instructions by the probation officer to enroll in residential drug treatment. |

***Grounds for Revocation:*** As to allegation 1, on June 7, 2021, the probation officer directed Mr. Acuna to enroll in residential drug treatment on June 24, 2021. Mr. Acuna selected Trinity Baptist Restoration Center, a faith-based residential drug treatment in Holtville, California. Mr. Acuna failed to enroll in the program, as directed. Currently, his whereabouts is unknown.

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

2. On June 23, July 7 and 30, and August 5, 2021, Mr. Acuna failed to comply with drug testing requirements, as instructed by the probation officer, by failing to provide urine specimens for urinalysis at GEO Reentry Services.

***Grounds for Revocation:*** As to allegation 2, the probation officer received and reviewed Chain and Custody for Drug Analysis forms, which confirm Mr. Acuna failed to submit urine specimens for urinalysis, as required, on the above-specified dates. On March 18, 2021, the probation officer reviewed written instructions for drug testing with Mr. Acuna and provided him a copy of the instructions. The probation officer specifically instructed him to telephone the drug testing line Monday through Friday and report for drug testing when prompted by the automated recording.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Upon completing the custodial term in this case on November 7, 2018, Mr. Acuna released to the Central District of California, where he resided with the mother of his three minor children. On or about August 24, 2020, the relationship with the mother of his children ended after an alleged domestic violence incident. Consequently, Mr. Acuna moved to his mother's residence in Calexico, California, located in the Southern District of California. The U.S. Probation Office in the Southern District began supervising Mr. Acuna as a courtesy for the Central District of California on November 4, 2020, and on January 15, 2021, supervision of his case was accepted.

Mr. Acuna struggled to maintain compliance since commencing supervision in the Southern District of California. He particularly failed to obtain stable employment, follow directives by the probation officer, and demonstrated emotional instability. Given his substance abuse history and questionable behavior, the probation officer enrolled him in drug testing services. Mr. Acuna failed to appear to several drug tests and later admitted to socially using marijuana and cocaine. The probation officer addressed the noncompliance with Mr. Acuna by referring him to outpatient drug treatment; however, his compliance appeared deteriorating rapidly. He failed to follow instructions as to travel and traveled to Mexico without authorization on two occasions. Furthermore, a drug test collected on May 26, 2021, revealed presumptive positive results to amphetamines and cocaine. When confronted as to the positive drug test results, Mr. Acuna admitted to using methamphetamine and cocaine, on a weekly basis, and agreed to enter residential drug treatment. The noncompliance was reported to the Southern District of Ohio and on June 7, 2021, the court modified the conditions of supervision to include residential drug treatment.

Mr. Acuna appeared motivated to return to compliance and was enthusiastic about the support he was receiving from family, including the mother of his children. And as requested, the probation officer granted him time to address personal matters and directed him to enter the program of his choice on June 24, 2021. Mr. Acuna failed

to enter the program and ceased all efforts to comply with the conditions of his supervision. The probation officer has not had contact with him since June 23, 2021.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Acuna, age 33, is single and a father of three minor children. The children are in the physical custody of their mother in the Central District of California. Mr. Acuna was unemployed during most of his term of supervision in the Southern District of California and supported himself with unemployment benefits. Mr. Acuna resided in a studio-like dwelling in Calexico with his mother while he attempted to establish a personal residence. Mr. Acuna has prosocial support from his immediate family and strong ties to Mexicali, Mexico. He has an extensive history of substance abuse as he began abusing drugs and alcohol during his early adulthood. Mr. Acuna lacks a high school diploma or its equivalent.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations, (Failure to Follow Instructions by the Probation Officer, and Failure to Appear to Drug Testing), constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Acuna is actively and unlawfully using controlled substances and is unavailable to this officer for supervision instructions. To assure his presence in court and protect the community, the probation officer respectfully recommends the court issues a warrant for his arrest.

## RECOMMENDATION/JUSTIFICATION

Mr. Acuna breached the court's trust by unlawfully using controlled substances, failing to appear to drug tests, traveling to Mexico without authorization, failing to enroll in residential drug treatment, and ultimately making himself unavailable for supervision. Since Mr. Acuna is unavailable to the probation officer for supervision instructions, the probation officer is respectfully recommending a warrant for his arrest.

Mr. Acuna commenced supervised release in the Southern District of California during a highly stressful time in his life and coped by unlawfully using controlled substances. He is evidently in need of services to treat his substance abuse problem. It is this officer's hope, that as Mr. Acuna commences supervision soberminded and participates in outpatient drug treatment, there will be no further need for residential drug treatment.

For the breach of trust, the probation officer recommends the court revokes supervised release. The probation officer further recommends the court imposes a 5-month custodial term and a 36-month term of supervised release, including all mandatory and standard conditions of supervision, as well as the below cited special conditions.

1. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration laws.

4. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: August 16, 2021

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Jennifer Avila
U.S. Probation Officer
(760) 339-4207

Reviewed and approved:

_____
Pascual Linarez
Supervisory U.S. Probation Officer

PROB12CW                                                                August 16, 2021

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Jenaro Miranda Acuna

2. **Docket No.** (Year-Sequence-Defendant No.): 21CR10082-001-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Failure to Follow Instructions by the Probation Officer | C |
   | Failure to Appear to Drug Testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____            Community Confinement _____
   Fine ($)        _____            Home Detention         _____
   Other           _____            Intermittent Confinement _____

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ OTHER _____

_____

_____

_____
The Honorable John A. Houston
U.S. District Judge

August 17, 2021
Date

RECEIVED

AUG 23 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY