PROB 12C  
(06/17)

March 17, 2022  
pacts id: 3085293

**AMENDED**        UNITED STATES DISTRICT COURT        **AMENDED**
**FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jenaro Miranda Acuna (English)      **Dkt. No.:** 21CR10082-001-JAH

**Reg. No.:** 76351-061

**Name of Sentencing Judicial Officer:** Case originally sentenced by The Honorable Edmund A. Sargus Jr., U.S. District Judge in the Southern District of Ohio. On August 9, 2021, jurisdiction was transferred to the Southern District of California and assigned to the Honorable John A. Houston, U.S. District Judge).

**Original Offense:** 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), Possession with Intent to Distribute 100 Grams or More of Heroin, a Class B felony.

**Date of Sentence:** May 11, 2017

**Sentence:** 33 months' custody; 60 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On March 10, 2021, conditions modified to include Mr. Acuna not illegally possess or use a controlled substance, submit to drug testing, submit to a search of a probation officer, report all vehicles owned or operated, and not enter or reside in Mexico without authorization. Additionally, on June 7, 2021, conditions modified to include a residential drug treatment condition.

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** November 7, 2018

**Asst. U.S. Atty.:** Courtney Strange      **Defense Counsel:** Brett T. Diehl
Federal Defenders of San Diego
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes. Please refer to prior court correspondence.

## PETITIONING THE COURT

**TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, AUGUST 16, 2021, TO INCLUDE THE FOLLOWING ALLEGATION**

The probation officer believes that the offender has violated the following condition of supervision:

| CONDITION | ALLEGATION OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 3. On or about March 12, 2022, Mr. Acuna transported an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), as evidenced by Border Patrol Report of Apprehension, Case No. IDO2203000010. |

*Grounds for Revocation:* As to Allegation 3, I received and reviewed the Border Patrol Report of Apprehension, Report, Case No. ID02203000010, which confirms the following: On the above date, at approximately 9:00AM a U.S. Border Patrol Agent performing traffic observation operations on Interstate 10, in the Indio Station Area of Responsibility, observed a white Ford F-250 traveling westbound. The driver briefly looked at the agent and reduced his speed below 50 miles per hour. The agent followed the F-250 and approached from the left side; however, the driver avoided eye contact and continued driving slowly. The agent approached the F-250 from the right side and noticed a front passenger. The passenger appeared lowering his/her position into the seat.

The agent conducted a vehicle stop and identified the driver as Jenaro Miranda Acuna. The agent questioned Mr. Acuna as to his travel and he stated he had camped out at Glamis, California in the sand dunes. When asked where he stayed, Mr. Acuna replied, "I don't really know." The agent noticed the passenger was avoiding eye contact and asked Mr. Acuna to step outside the vehicle. The agent asked how he knew the female passenger and he replied, "I just met her." According to the agent, suspicions over alien smuggling activities rise when occupants of a vehicle claim not to know each other. The passenger admitted to being a citizen of Mexico without legal documents allowing her to enter, live or work in the U.S.

The agent placed Mr. Acuna under arrest and his custody was transferred to the U.S. Marshals on an outstanding probation violation warrant. The other subject was expelled through the Calexico Port of Entry under Operation Capio and in accordance with Title 42 U.S.C. § 265.

To date, no charges have been filed against Mr. Acuna for transporting an illegal alien.

**AMENDED**      **VIOLATION SENTENCING SUMMARY**      **AMENDED**

**SUPERVISION ADJUSTMENT**

Since the petition for warrant dated August 16, 2021, Mr. Acuna has been unavailable for supervision.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

The probation officer respectfully refers the court to the petition for warrant dated August 16, 2021.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Transported illegal aliens, which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

**RECOMMENDATION/JUSTIFICATION**

Mr. Acuna has continued to breach the court's trust by engaging in new felonious criminal conduct while a fugitive of this court for approximately 7 months. Should the court find him in violation of this allegation, the probation officer's recommendation to revoke supervised release remains unchanged. However, this violation conduct is of a Grade B and the prescribed imprisonment range is now 8 to 14 months. Therefore, the probation officer respectfully recommends the court impose a custodial term of 10 months' custody, which accounts for the new federal offense. The probation officer's recommendation for a supervised release term of 36 months and the added special conditions, remain unchanged.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: March 17, 2022**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____  
Jennifer Avila  
U.S. Probation Officer  
(760) 339-4207

_____  
Larry Huerta  
Supervisory U.S. Probation Officer

PROB12CW                                                                              March 17, 2022

# AMENDED     VIOLATION SENTENCING SUMMARY     AMENDED

1. **Defendant:** Acuna, Jenaro Miranda

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 21CR10082-001-

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Transported illegal aliens | B |
   | failure to follow instructions by the probation officer | C |
   | failure to appear to drug tests | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [ B ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))    [ 8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | | Community Confinement | |
   | Fine($) | | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__X__   THE ORIGINAL ORDER TO SHOW CAUSE DATED AUGUST 16, 2021, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS.

_____   Other _____

_____

_____

*[signature]*

The Honorable John A. Houston  
U.S. District Judge

March 18, 2022  
Date